UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

———————————————————— :
:
BMO HARRIS BANK N.A.,                    :         CASE NO. 1:23-cv-01451
:
        Plaintiff,                       :              OPINION & ORDER
:              [Resolving Docs. 2, 11]
v.                                       :
:
SOUTHEAST LOGISTICS INC., et al.,        :
:
        Defendants.                      :
———————————————————— :

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this loan-default case, Plaintiff BMO Harris Bank N.A. seeks default judgment totaling $668,753.34, plus $326.65 in pre-judgment interest per day.  Plaintiff also seeks to take possession of five vehicles that were offered as collateral for the now-defaulted loans, and Plaintiff requests injunctive relief to help it take control of those vehicles.  The Court **GRANTS IN PART** and **DENIES IN PART** default judgment.

## I.    BACKGROUND

From March to August of 2022, Defendant Southeast Logistics Inc. took out four loans from Plaintiff BMO Harris Bank.[1]  With those loans, Southeast Logistics purchased five vehicles.[2]  Southeast Logistics offered each of those five vehicles as collateral for the loans.[3]

Defendant Sergey Pashkovskiy guaranteed all four Southeast Logistics loans.[4] Defendant Eagle National Holdings Inc. guaranteed only the fourth loan.[5]

———————————————————

[1] Docs. 11-4, -7, -10, -13.
[2] *Id.*
[3] *Id.* Section 2.1 of each loan agreement provided that the vehicles would serve as collateral. *See also* Docs. 11-5, -8, -11, -14.
[4] Docs. 11-6, -9, -12, -15.
[5] Doc. 11-16.

Case No. 1:23-cv-01451
GWIN, J.

By June 27, 2023, Defendants had defaulted on payment of all four loans.[6]  On July 25, 2023, BMO Harris Bank sued Defendants to recover the unpaid debt and to take possession of Southeast Logistics' collateral.[7]  Simultaneously, BMO moved for preliminary relief.[8]

On August 8, 2023, Plaintiff BMO Harris Bank served its complaint and motion for preliminary relief on all Defendants.[9]  On October 3, 2023, Defendants requested more time to respond to the complaint.[10]  In their extension request, Defendants explained that they were still in the process of securing counsel.[11]  The Court granted an extension to November 1, 2023.[12]

Defendants never responded.  So, on November 15, 2023, Plaintiff requested that the Clerk enter default against all Defendants.[13]  On November 21, 2023, the Clerk entered default.[14]

On December 20, 2023, Plaintiff filed its motion for default judgment.  Under Local Rule 7.1(d), Defendants' opposition was due on January 19, 2024.  To date, Defendants have not filed an opposition.

## II.  LEGAL STANDARD

Default judgment follows a two-step process.  First, a plaintiff must ask the Clerk to enter default.[15]  Once the Clerk enters default, the plaintiff may apply for default judgment

---

[6] Doc. 11-3 at ¶ 18; Doc. 11-17.
[7] Doc. 1.
[8] Doc. 2.
[9] Doc. 6.
[10] Doc. 7.
[11] *Id.*
[12] Doc. 8.
[13] Doc. 9.
[14] Doc. 10.
[15] Fed. R. Civ. P. 55(a).

Case No. 1:23-cv-01451
GWIN, J.

under one of two procedures.[16]  Under Federal Rule of Civil Procedure 55(b)(1), if the plaintiff seeks judgment "for a sum certain or a sum that can be made certain by computation," the plaintiff can ask the Clerk to enter default judgment.[17]  Otherwise, the plaintiff must file a motion with the Court under Rule 55(b)(2).[18]

In this case, Plaintiff BMO Harris Bank did not specify which procedure it is requesting default judgment under.  However, a plaintiff can only seek default judgment from the Clerk if the entire complaint is for a sum certain or a sum that can be made certain by computation.[19]  When the plaintiff asks for any other relief—even if the plaintiff also seeks a sum certain—the entire default judgment must be decided under Rule 55(b)(2).[20]

Because BMO Harris Bank seeks to take possession of the loan collateral,[21] the Court analyzes default judgment under Rule 55(b)(2).

Before a court can grant default judgment under Rule 55(b)(2), it must "determine whether [the] facts are sufficient to state a claim for relief" when accepting all well-pleaded factual allegations as true.[22]  A plaintiff moving for default judgment must also provide damages evidence that allows the court to determine the amount of damages "with reasonable certainty."[23]  The plaintiff may use affidavits as damages evidence.[24]

---

[16] Fed. R. Civ. P. 55(b).
[17] Fed. R. Civ. P. 55(b)(1).
[18] Fed. R. Civ. P. 55(b)(2).
[19] *Nat'l Auto Grp., Inc. v. Van Devere, Inc.*, No. 5:20-cv-2543, 2021 WL 1857143, at *3 (N.D. Ohio May 10, 2021) (citation omitted).
[20] *Id.* (collecting cases).
[21] Doc. 11.
[22] *Jones v. Animal Enter. Worldwide, LLC*, No. 1:21-cv-00653, 2022 WL 592945, at *1 (N.D. Ohio Feb. 28, 2022) (citation omitted).
[23] *Id.* at *2 (citations omitted).
[24] *Id.* (citation omitted).

Case No. 1:23-cv-01451
GWIN, J.

## III.    DISCUSSION

*Breach of Loan and Guaranty Agreements.*  Plaintiff BMO Harris Bank has provided evidence of valid loan and guaranty agreements.[25]  And according to the complaint, Defendants breached those agreements by defaulting on loan payments.[26]  This is enough to establish default judgment liability.

BMO has also offered damages evidence.  Per a BMO employee's affidavit, the aggregate balance due on the first three of Defendant Southeast Logistics' loans is $533,029.06.[27]  The aggregate daily pre-judgment interest for those three loans is $260.28.[28]  Because Defendant Pashkovskiy guaranteed these three loans,[29] Southeast Logistics and Pashkovskiy are jointly and severally liable for this amount.

The outstanding balance on Southeast Logistics' final loan is $135,724.28, with daily pre-judgment interest of $66.37 per day.[30]  Because both Defendants Eagle National Holdings and Pashkovskiy guaranteed this last loan,[31] all three Defendants are jointly and severally liable for this amount.

The Court therefore **GRANTS** default judgment on Plaintiff's claims for breach of loan agreements and guaranties, as specified above.

*Replevin.*  To succeed on a replevin claim under Ohio law, a plaintiff must show that "(1) the plaintiff is the owner of the property, and (2) plaintiff is entitled to possession of the

---

[25] Docs. 11-4, -6, -7, -9, -10, -12, -13, -15, -16.
[26] Doc. 1 at ¶¶ 28–29.
[27] *Id.* at ¶¶ 24(a)–(c).
[28] *Id.*  The daily pre-judgment interest rate is provided by § 5.3 of the loan agreements.  *See* Docs. 11-4, -7, -10.
[29] Docs. 11-6, -9, -12.
[30] Doc. 11-3 at ¶ 24(d); *see also* Doc. 11-13 § 5.3 (pre-judgment interest rate).
[31] Docs. 11-15, -16.

Case No. 1:23-cv-01451
GWIN, J.

property."[32]  If the plaintiff prevails, "the final judgment shall award permanent possession of the property" to the plaintiff.[33]

Each of Defendant Southeast Logistics' loan agreements gives BMO Harris Bank a security interest in the vehicles put up as collateral.[34]  The loan agreements also allow BMO to take possession of the collateral if Defendants default on their loans.[35]  Because Defendants have defaulted on their loans,[36] these loan agreement terms give BMO ownership and possession of the collateral.

As a result, the Court **GRANTS** default judgment on Plaintiff's replevin claim, awards possession of the loan collateral to Plaintiff, and **ORDERS** Defendants to surrender the collateral.

*Injunctive Relief.*  In addition to replevin, Plaintiff BMO Harris Bank seeks an injunction ordering Defendants to stop using the collateral vehicles and to tell Plaintiff where the collateral is located.[37]  BMO argues that, without an injunction, Defendants may continue to use the collateral vehicles, causing the vehicles to depreciate and making it more difficult to locate the vehicles.[38]

For the Court to grant injunctive relief, Plaintiff must show that (1) it suffered irreparable injury; (2) there is no adequate legal remedy; (3) the balance of hardships favors an injunction; and (4) an injunction serves the public interest.[39]

---

[32] *Peterson v. Booth*, 213 N.E.3d 251, 256 (Ohio Ct. App. 2023) (citing *Walther v. Cent. Tr. Co.*, 590 N.E.2d 375, 378 (Ohio Ct. App. 1990); Ohio Rev. Code Ch. 2737).

[33] *Id.* (quoting Ohio Rev. Code § 2737.14).

[34] Section 2.1 in each of the loan agreements creates this security interest.  Docs. 11-4, -7, -10, -13.

[35] Section 5.2 in each of the loan agreements allows BMO Harris Bank to take possession in the event of default.  Docs. 11-4, -7, -10, -13.

[36] Doc. 1 at ¶¶ 28–29.

[37] Doc. 11 at 2; Doc. 1 at ¶¶ 51–55.

[38] Doc. 1 at ¶¶ 52–53.

[39] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Case No. 1:23-cv-01451
GWIN, J.

At this point, Plaintiff BMO has not shown that it will suffer irreparable injury without an injunction, or that it lacks an adequate legal remedy.  The Court has already ordered Defendants to turn over the collateral, and any depreciation can likely be compensated with money damages.[40]

So, the Court **DENIES** default judgment as to Plaintiff's request for injunctive relief. However, this denial is without prejudice to Plaintiff's ability to seek injunctive relief in the future if Defendants do not cooperate or otherwise resist replevin.

## IV.   CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for default judgment.  The Court grants default judgment as to Plaintiff's breach of loan agreement, breach of guaranty, and replevin claims.  The Court denies without prejudice default judgment as to injunctive relief.  Because default judgment resolves this entire case, the Court **DENIES** Plaintiff's motion for preliminary relief (Doc. 2) as moot.

IT IS SO ORDERED.

Dated: January 23, 2024                      s/     *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[40] *See BMO Harris Bank N.A. v. 64 Ways Trucking/Hauling LLC*, No. 3:20-cv-570, 2020 WL 7246592, at *2–3 (E.D. Va. Dec. 9, 2020) (denying injunctive relief in a similar loan-default case because the lender could recover depreciated value through money damages).